NICHOLAS v MICHIGAN STATE EMPLOYEES RETIREMENT
BOARD

Docket No. 82213. Submitted May 22, 1985, at Marquette.—Decided
    July 1, 1985.

William Nicholas was employed as a corrections officer by the
    State of Michigan. In 1981, he was injured in the course of his
    employment, which resulted in numbness in his right leg. In
    1982, he began to receive disability retirement benefits from
    the Michigan State Employees Retirement Board. Thereafter,
    the board determined, based on medical reports it had received,
    that Nicholas was no longer eligible for benefits. Nicholas
    petitioned for a hearing. At that hearing Nicholas testified that
    he could do some activities but could not do any particular
    activity for a sustained period of time and that he suffered pain
    if he remained sitting or standing for any extended period of
    time. Nicholas has attempted to become reemployed by the
    Department of Corrections but was unable to be reinstated
    because he could not meet the physical requirements of the job.
    Medical testimony was given to the effect that Nicholas could
    do work which did not involve "physical abuse". The hearing
    examiner found that Nicholas was capable of sedentary work,
    concluded that Nicholas was not entitled to disability retire-
    ment benefits, and recommended that the benefits be termi-
    nated. The board adopted the recommendation of the hearing
    examiner. Nicholas appealed the board's order to the Mar-
    quette Circuit Court. The court, Edward A. Quinnell, J., re-
    versed the order of the board and ordered the benefits rein-
    stated, holding that disability retirement benefits may only be
    terminated when the retirant is physically able to return to his
    prior employment. The board appealed. *Held:*

    A disability retirement shall be terminated only upon a

References for Points in Headnote

Am Jur 2d, Pensions and Retirement Funds §§ 52-54, 57.
Determination whether peace officer's disability is service-connected
    for disability pension purposes. 12 ALR4th 1158.
Determination whether firefighter's disability is service-connected
    for disability pension purposes. 7 ALR4th 799.

finding "that the disability retirant is physically able and capable of resuming employment". This statutory language evidences a clear intent that the Legislature intended that a disability retirement continue until the retirant is capable of returning to his or her former position of employment. Such a construction of the statutory language gives effect to the statutory provision that the disability pension benefits may be reduced if the retirant engages in some other gainful occupation.

Affirmed.

State — State Employees — Retirement Benefits — Disability Retirements.

A state employee who has been given a disability retirement by reason of becoming incapacitated as a result of service to the state shall remain eligible for such retirement benefits so long as the retirant is physically unable to return to the former position of employment; however, the level of disability retirement benefits may be reduced if the disability retirant engages in some other gainful occupation (MCL 38.33; MSA 3.981[33]).

*Osstyn, Bays, Ferns & Fisher* (by *Douglas K. Fisher),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistants Attorney General, for respondent.

Before: Cynar, P.J., and Hood and R. L. Olzark,* JJ.

Cynar, P.J. Petitioner's disability retirement allowance was terminated by the State Employee's Retirement Board on September 16, 1984. Petitioner appealed the board's order to the Marquette County Circuit Court. The court issued an opinion and order reversing the board on December 5, 1984. The board appeals to this Court as of right.

Petitioner was employed by the State of Michigan from 1974 to September 1981 as a corrections

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

officer at the Marquette Prison. In 1981 he was injured while trying to break up a fight between inmates at the prison. Petitioner suffered from numbness in his right leg. He was referred to the Mayo Clinic for treatment. He was on a program of bed rest and medication for about one year.

In 1982, he started receiving disability retirement benefits form the board. In 1983, the board requested that petitioner submit medical documentation of his current condition. Based on the reports it received, the board determined that petitioner was no longer entitled to benefits.

Petitioner requested a hearing, which was conducted on March 16, 1984. Petitioner testified that he could do some activities but he could not do any particular activity for a sustained period of time and that he suffered pain if he remained sitting or standing for any extended period of time.

Petitioner had attempted to become reemployed with the Department of Corrections. However, he could not be reinstated because he could not meet the physical requirements of the job.

The medical advisor to the board indicated petitioner could do work which did not involve "physical abuse". The hearing examiner concluded that petitioner was capable of doing sedentary work and, therefore, he did not meet the requirements set out by the disability provisions of the statute. The hearing examiner recommended that petitioner's request for continuation of benefits be denied, and the board accepted the recommendation.

The issue is whether MCL 38.33; MSA 3.981(33) requires that benefits be denied to a disability retirant if it is found that the retirant is capable of any service with the state.

MCL 38.21; MSA 3.981(21) provides that, subject to the provisions of MCL 38.33; MSA 3.981(33) and MCL 38.34; MSA 3.981(34), a state employee who

is incapacitated as a result of service to the state may be retired. MCL 38.33; MSA 3.981(33) provides for examination of the retirant in order to determine continued disability retirement eligibility:

"Sec. 33. (a) Once each year during the first 5 years following the retirement of a member on a disability retirement allowance, and at least once in every 3 year period thereafter the retirement board may, and upon the retirant's application shall, require any disability retirant, who has not attained age 60 years, to undergo a medical examination; such examination to be made by or under the direction of the medical advisor at the place of residence of said retirant, or other place mutually agreed upon. Should any disability retirant, who has not attained age 60 years, refuse to submit to such medical examination in any such period, his disability retirement allowance may be discontinued until his withdrawal of such refusal, and should such refusal continue for 1 year, all his rights in and to his disability retirement allowance may be revoked by the retirement board. If upon such medical examination of a disability retirant, the medical advisor reports and his report is concurred in by the retirement board, that the disability retirant is physically able and capable of resuming employment, he shall be restored to active service with the state and his disability retirement allowance shall cease.

"(b) Should the secretary report and certify to the retirement board that such disability beneficiary is engaged in a gainful occupation paying more than the difference between his disability retirement allowance and his final compensation, and should the retirement board concur in such report, then the amount of his retirement allowance shall be reduced to an amount which together with the amount earned by him shall equal his final compensation. Should the earnings of such disability retirant be later changed, the amount of his retirement allowance shall be further modified in like manner."

There is no question that petitioner was origi-

nally entitled to benefits under MCL 38.21; MSA 3.981(21). The issue is his continued eligibility under MCL 38.33; MSA 3.981(33). In this case the statute must be construed in order to determine the petitioner's continued eligibility. The rules of statutory construction are concisely stated in *Pittsfield Twp v Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981). Briefly stated the rules are: (1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.[1]

The circuit court construed the statute as requiring a retirant to be able to resume his former employment before the disability retirement allowance can be terminated. Applying the rules of statutory construction we agree that this was the proper construction of the statute. The ambiguity arises from the phrase "physically able and capable of resuming employment". The question is whether this means any employment or his former employment. Because there is an ambiguity, we must interpret the statute so as to effectuate the Legislature's intent. A reading of MCL 38.21; MSA 3.981(21) makes clear that the Legislature intended disability benefits to be payable when a state employee is injured in the course of his employment. A reading of MCL 38.33; MSA 2.981(33) makes clear that the Legislature in-

---

[1] *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977).

tended to allow payments to continue as long as the retirant was disabled. A construction which best effectuates this intention requires the conclusion that petitioner's benefits should be continued. Construing the statute as a whole and giving effect to each provision, we note the statute uses the phrases "capable of resuming employment" and "restored to active service". These portions of the statute suggest that a retirant must be able to return to his former position. Petitioner is physically unable to do so; therefore, he is still disabled and eligible for benefits. Any other construction would render the above phrases almost totally nugatory.

This construction also gives full effect to § 33(b) which requires reduction of benefits if the retirant is gainfully employed. The subparagraph would apply to this situation in which the retirant is totally disabled from resuming his former employment, but may still be able to engage in some other gainful occupation. If the retirant does find work, whether with the state or some other employer, even though he is still totally incapacitated from returning to his former employment, § 33(b) requires that his retirement allowance be reduced.

This construction of the statute differs with the construction given to it by the board. Because the board's construction appears to be in conflict with the intent of the Legislature, we cannot defer to it.

The circuit court is affirmed.