PEOPLE v 8120 RAVINE ROAD, ALAMO TOWNSHIP

Docket No. 77465. Submitted February 5, 1986, at Grand Rapids. Decided May 5, 1986.

The Kalamazoo County Prosecuting Attorney, after charging James and Pamela Deerwester on several counts of possession and conspiracy to deliver controlled substances, instituted proceedings in the Kalamazoo Circuit Court seeking the forfeiture of a dwelling, outbuildings, and the property on which the buildings were located. The people alleged that the property was subject to forfeiture because (1) it was used or intended for use as a container for controlled substances, (2) it was used or intended to be used to facilitate a violation of the controlled substances act, and (3) it was property found in close proximity to controlled substances. The Deerwesters moved for summary judgment for failure to state a claim upon which relief can be granted. The circuit court, Robert L. Borsos, J., granted summary jdugment after ruling that, as a matter of law, the property was not a "container" within the meaning of the statute. The parties did not argue, and the trial court did not consider or decide, the other grounds for forfeiture. The people appealed. *Held:*

1. The term "container" as used in the statute does not include a house. The circuit court therefore properly granted summary judgment since no factual development could have possibly justified forfeiture on this basis.

2. The Court of Appeals declined to consider whether the property was used to facilitate a violation of the controlled substances act, since this claim did not control the disposition of the case in the circuit court and in fact was not considered by the circuit court.

Affirmed and remanded for further proceedings.

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 7-27.

Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*

Personal property used in illegal manufacture, processing or sale of controlled substances under § 511 of Comprehensive Drug Abuse Prevention Control Act of 1970 (21 USCS § 881). 59 ALR Fed 765.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
      CLAIM — COURT RULES.
      A motion for summary judgment for failure to state a claim for
      which relief can be granted is tested by the pleadings alone and
      tests the legal basis of the complaint, not whether it can be
      factually supported; the factual allegations of the complaint are
      taken as true, along with any inferences or conclusions which
      may be fairly drawn from the facts alleged and, unless the
      claim is so clearly unenforceable as a matter of law that no
      factual development can possibly justify a right to recover, the
      motion should be denied (GCR 1963, 117.2[1], now MCR
      2.116[C][8]).

2. STATUTES — PENALTIES — STRICT CONSTRUCTION.
      A statute awarding a penalty is to be strictly construed, and,
      before a recovery may be made, the case must be brought
      clearly within the terms of the statute.

3. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT.
      The term "container", as used in a provision of the controlled
      substances act which subjects certain property to forfeiture,
      does not encompass a dwelling, outbuildings and real property
      on which the dwelling and outbuildings are situated (MCL
      333.7521; MSA 14.15[7521]).

4. APPEAL — CLAIM NOT DECIDED BELOW.
      A claim which did not control the disposition of a case in the
      lower court and which, in fact, was not passed upon by the
      lower court need not be determined on appeal.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *James J. Gregart,* Prose-
cuting Attorney, and *James A. Christopherson,*
Assistant Prosecuting Attorney, for the people.

*Denise A. Peters,* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and J. C.
KINGSLEY,* JJ.

DANHOF, C.J. The people appeal as of right
from a March 23, 1984, order of summary judg-
ment granted by the Kalamazoo Circuit Court

* Circuit judge, sitting on the Court of Appeals by assignment.

pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted. This order dismissed the people's complaint which had sought forfeiture of a dwelling, outbuildings, and real estate located at 8120 Ravine Road, Alamo Township, Kalamazoo County, under article 7 of the Public Health Code, commonly called the controlled substances act, MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.*

The complaint alleged that the owners of the real estate, Pamela and James Deerwester, had been charged with violations of the act; more specifically, James had been charged with possession of cocaine and conspiracy to deliver LSD, and Pamela had been charged with possession of cocaine, delivery of LSD, conspiracy to deliver LSD, and possession of LSD contrary to the statute. The complaint further alleged that the real estate was subject to forfeiture because (1) it was "property which was used, or intended for use, as a container for a controlled substance, to-wit: cocaine or LSD," (2) it was "property used or intended to be used to facilitate a violation of the Controlled Substance Act MCLA 333.7201 *et seq* [sic], to-wit: the apparent or probable owners of the property, Pamela Deerwester and/or James Deerwester, transported, possessed, and/or delivered LSD and/or cocaine within the County of Kalamazoo," or (3) it was "property found in close proximity to a controlled substance, to-wit: cocaine and/or LSD."

At the hearing on the Deerwesters' motion for summary judgment, the trial court found that the factual allegations contained in the complaint were insufficient. The trial court did not allow the people an opportunity to amend the complaint because it found, as a matter of law, that a house, outbuildings and real property did not constitute a "container" within the meaning of the statute.

The parties did not argue, and the trial court did not consider or decide, the other grounds for forfeiture alleged in the complaint.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal basis of the complaint. It does not test the nonmoving party's ability to prove the allegations. Upon review this Court relies upon the pleadings alone and accepts as true all well-pleaded facts, along with any inferences or conclusions which may fairly be drawn from those facts. This Court will not affirm the grant of a motion for summary judgment unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly supply a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984); *Tobias v Phelps,* 144 Mich App 272, 275-276; 375 NW2d 365 (1985).

MCL 333.7521; MSA 14.15(7521) provides a list of property which may be subject to forfeiture for violation of the controlled substances act. The list includes in part the following:

> (a) A controlled substance or an imitation controlled substance which has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.
>
> (b) A raw material, product, or equipment of any kind which is used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance in violation of this article; or a raw material, product, or equipment of any kind which is intended for use in manufacturing, compounding, processing, delivering, importing, or exporting an imitation controlled substance in violation of section 7341.
>
> (c) Property which is used, or intended for use, as a container for property described in subdivision (a) or (b).

On appeal, the people argue as they did below that a house is a container within the meaning of subsection (c) of the statute. The people urge this Court to construe "container" in a way to help enforce the forfeiture statute. According to the people, the Legislature intended to punish people dealing in drugs and intended to allow the forfeiture of real property under this provision. The people argue that a container is "anything *that contains,*" and that the size of a container is irrelevant. We disagree.

A statute awarding a penalty is to be strictly construed, and, before a recovery may be made, the case must be brought clearly within the terms of the statute. *Goetz v Black,* 256 Mich 564, 572-573; 240 NW 94 (1932). Further, the law does not favor a forfeiture. *People v Campbell,* 39 Mich App 433; 198 NW2d 7 (1972).

We agree with the trial court that the term "container" does not include something fastened to the earth such as a house. Webster's New World Dictionary (2d College ed), p 306, defines the term as "a thing that contains or can contain something; box, crate, can, jar, etc." Although the term embraces the concept of an object capable of holding another object, it is commonly understood to refer to a receptacle used to package or to ship articles and goods. Compare, 9 Words & Phrases, "Container," p 33 and pocket supp., p 20. We conclude as a matter of law that a house is not a "container" for purposes of this subsection. The trial court properly granted summary judgment since no factual development could have possibly justified forfeiture on this basis.

We decline to consider the second issue raised by the people, namely, whether the real estate was property used to facilitate a violation of the con-

trolled substances act. A claim which did not control the disposition of the case in the lower court and in fact was not considered at all need not be determined on appeal. *Bentley v Shifflet, Cumber & Co,* 238 Mich 5; 213 NW 152 (1927); *Michigan Ass'n of Psychotherapy Clinics v Blue Cross & Blue Shield of Michigan,* 101 Mich App 559; 301 NW2d 33 (1980), modified on other grounds, 411 Mich 869 (1981). In this case, the parties did not argue and the trial court did not consider this alternate ground for forfeiture. Thus, we do not consider it on appeal.

Affirmed and remanded for further proceedings. No costs, a public question involved.