PEOPLE v 8120 RAVINE ROAD, ALAMO TOWNSHIP (ON
REHEARING)

Docket No. 77465. Submitted February 5, 1986, at Grand Rapids.
Decided July 21, 1986.

The Kalamazoo County Prosecuting Attorney, after charging
James and Pamela Deerwester on several counts of possession
and conspiracy to deliver controlled substances, instituted pro-
ceedings in the Kalamazoo Circuit Court seeking the forfeiture
of a dwelling, outbuildings, and the property on which the
buildings were located. The people alleged that the property
was subject to forfeiture because (1) it was used or intended for
use as a container for controlled substances, (2) it was used or
intended to be used to facilitate a violation of the controlled
substances act, and (3) it was property found in close proximity
to controlled substances. The circuit court, Robert L. Borsos, J.,
granted summary judgment in favor of the Deerwesters, ruling
that, as a matter of law, the property was not a "container"
within the meaning of the statute. The circuit court did not
consider or decide the other grounds for forfeiture alleged in
the complaint. The Court of Appeals, on appeal by the people,
affirmed the circuit court's ruling and order and remanded the
case. 151 Mich App 358 (1986). Subsequently, the Court of
Appeals granted a motion by the people for a rehearing to
clarify its disposition of the appeal. *Held:*

1. The circuit court's order, to the extent it grants summary
judgment on the first ground for forfeiture as alleged above,
was affirmed.

2. The circuit court's order, to the extent it dismisses the
people's action based on the other grounds for forfeiture as
alleged above, was reversed and vacated, since the circuit court
did not expressly consider, address or rule upon those grounds.

3. On remand, the circuit court shall consider and rule upon
the second and third grounds for forfeiture as alleged in the
people's complaint.

Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *James J. Gregart,* Prose-

cuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*Vlachos, Jerkins & Hurley* (by *James E. Vander Roest*), for defendants.

Before: DANHOF, C.J., and R. M. MAHER and J. C. KINGSLEY,* JJ.

DANHOF, C.J. The motion for rehearing filed by the people of the State of Michigan is granted so that we may clarify our view of the proceedings below and our disposition of this appeal.

The complaint alleged three grounds of forfeiture which can be briefly described as a "container" ground, a "facilitation" ground, and a "proximity" ground. The order for summary judgment and dismissal provided:

> This matter having come before the Court on the Motions of Respondents, JAMES and PAMELA DEERWESTER, for accelerated and summary judgment and to strike pleadings, and the Court having considered the Briefs and oral argument of the parties and being otherwise fully advised in the premises;
>
> It is hereby ORDERED and ADJUDGED that Respondent's Motion for summary judgment is hereby granted;
>
> It is further ORDERED and ADJUDGED for the reasons stated upon the record in open court this action is and the same shall be DISMISSED for the failure of the Plaintiff to state a claim upon which relief may be granted and for the other reasons stated by the court.

As we noted in our first opinion, the hearing transcript revealed that the parties did not argue,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and the trial court did not consider or decide, the alternate grounds for forfeiture, namely, the "facilitation" ground and the "proximity" ground.

In our first opinion, we reviewed the parties' arguments and the trial court's ruling and order with respect to the first ground alleged for forfeiture, the "container" ground. We affirm the trial court's order to the extent that it grants summary judgment on that ground alone.

We reverse and vacate the order to the extent that it dismisses the action since the trial court did not expressly consider, address or rule upon the challenge of legal insufficiency on the alternate grounds. In other words, there is nothing in the record for us to review with respect to the "facilitation" and the "proximity" grounds. The record is devoid of an explanation by the trial court as to how or why the alleged alternate grounds are legally insufficient and thereby subject to summary judgment for failure to state a claim upon which relief may be granted. Thus, this case is remanded for further proceedings, that is, for the consideration of the "facilitation" and the "proximity" grounds which defendants have challenged by their motion for summary judgment.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.