*In re* FORFEITURE OF 45649 MABEN ROAD

Docket No. 101057. Submitted August 18, 1988, at Detroit. Decided December 20, 1988.

Raymond and Iris Werlinger were convicted in the Wayne Circuit Court of possession with intent to deliver marijuana. Thereafter, the Wayne County Prosecutor brought a complaint in the Wayne Circuit Court seeking forfeiture of numerous items seized in a raid at the Werlingers' residence at 45649 Maben Road, including the residence. Theories advanced by the prosecutor were that the house was used as a container in which drugs and the proceeds from drug sales were stored and that the house was used to aid or facilitate the storage and sale of illegal controlled substances. The trial court, Michael J. Talbot, J., ordered the property forfeited. The Werlingers appealed.

The Court of Appeals *held:*

1. The question whether a particular dwelling house is a "container" within the provisions of the controlled substances act is a question of fact for the trial court to determine. The trial court correctly found that the house was a container for purposes of MCL 333.7521(1)(c).

2. The Werlingers' house was forfeitable under MCL 333.7521(1)(f) as "a thing of value used to facilitate the distribution and sale of controlled substances."

Affirmed.

1. Forfeitures and Penalties — Controlled Substances — Containers — Dwelling House.

The question whether or not a particular dwelling house is a "container" within the provisions of the controlled substances act providing for the forfeiture of property which is used, or intended for use, as a container for controlled substances is a question of fact for the trial court to determine (MCL 333.7521[1][c]; MSA 14.15[7521][1][c]).

References

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.24—27.26; Forfeitures and Penalties §§ 15 *et seq.*

Supreme Court's views as to due process requirements of forfeitures. 76 L Ed 2d 852.

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — DWELL-
   ING HOUSE.
   A house may not be found to be forfeitable under the controlled
   substances act merely because it was used as the situs of a drug
   transaction; a house may be found to be forfeitable where it
   was used to facilitate transactions in controlled substances
   (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

3. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — REAL
   PROPERTY.
   The Legislature intended to include real property as property
   subject to forfeiture under the provision of the controlled
   substances act which provides for the forfeiture of any thing of
   value used or intended to be used to facilitate any violation of
   the act (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

*John D. O'Hair,* Prosecuting Attorney, *John L. Thompson,* Deputy Chief, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for appellee.

*Gerald F. Lindeborg Associates, P.C.* (by *Gerald F. Lindeborg*), for appellants.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

T. L. BROWN, J. Raymond and Iris Werlinger appeal as of right from a May 12, 1987, order of the Wayne Circuit Court granting forfeiture of a dwelling house located at 45649 Maben Road, Canton Township, Wayne County, pursuant to MCL 333.7521(1)(c) and (f); MSA 14.15(7521)(1)(c) and (f).

The Werlingers were convicted of possession with intent to deliver marijuana in Wayne Circuit Court. Subsequently, the prosecuting attorney brought a complaint for forfeiture of numerous items seized in the raid at their residence including the dwelling house located at 45649 Maben Road. The complaint alleged that the residence

* Circuit judge, sitting on the Court of Appeals by assignment.

was "either purchased with drug proceeds, and/or was used as a container in which drugs and proceeds were stored, and that the location was used to aid or facilitate the storage, and sale of illegal controlled substances." At trial, the prosecutor withdrew the theory that the residence was acquired out of the proceeds of drug sales.

MCL 333.7521; MSA 14.15(7521) contains the forfeiture provisions for violations of the controlled substances act. This Court is now called upon to review subsections (1)(c) and (f) of the act in order to determine whether certain property is subject to forfeiture.

MCL 333.7521; MSA 14.15(7521) reads, in relevant portion, as follows:

> (1) the following property is subject to forfeiture:
>
> * * *
>
> (c) Property which is used, or intended for use, as a container for property described in subdivision (a) or (b).

The first question presented on appeal is whether the Werlingers' residence was a "container" subject to forfeiture under the controlled substances act. The Werlingers cite this Court's decision in *People v 8120 Ravine Road, Alamo Twp,* 151 Mich App 358; 390 NW2d 242 (1986), aff'd in part on reh 153 Mich App 343; 395 NW2d 59 (1986), and *People v 2850 Ewing Road,* 161 Mich App 266; 409 NW2d 800 (1987), lv den 429 Mich 884 (1987), as controlling authority. In *8120 Ravine Road,* this Court rejected the prosecutor's argument that a container is "anything that contains" and concluded that a house is not a container for purposes of this subsection.

In the present case, the prosecutor asks this Court to reexamine our decision in *8120 Ravine*

*Road, supra.* In that case, a husband and wife were charged with violations of the controlled substances act. As a result of the drug charges, the prosecutor sought forfeiture of a dwelling, outbuildings and real estate under the theory that those structures were "containers" within the meaning of subsection (c) of the statute. A different panel of this Court characterized the prosecutor's argument as follows:

> The people urge this Court to construe "container" in a way to help enforce the forfeiture statute. According to the people, the Legislature intended to punish people dealing in drugs and intended to allow the forfeiture of real property under this provision. The people argue that a container is "anything that contains," and that the size of a container is irrelevant. We disagree. [151 Mich App 362.]

The Court went on to apply general rules of construction to the "container" provision of the controlled substances act:

> A statute awarding a penalty is to be strictly construed, and, before a recovery may be made, the case must be brought clearly within the terms of the statute. . . . Further, the law does not favor a forfeiture.
>
> We agree with the trial court that the term "container" does not include something fastened to the earth such as a house. Webster's New World Dictionary (2d College ed), p 306, defines the term as "a thing that contains or can contain something; box, crate, can, jar, etc." Although the term embraces the concept of an object capable of holding another object, it is commonly understood to refer to a receptacle used to package or to ship articles and goods. Compare, 9 Words & Phrases, "Container," p 33 and pocket supp., p 20. We conclude as a matter of law that a house is not a

"container" for purposes of this subsection. The trial court properly granted summary judgment since no factual development could have possibly justified forfeiture on this basis. [151 Mich App 362.]

As this Court revisits the "container" provision, we are persuaded that the statement that "no factual development could have possibly justified forfeiture on this basis" is somewhat hyperbolic. This Court can envision cases where a dwelling house or appurtenant structure may serve a primary purpose of warehousing drugs. To construe subsection (c) so as not to include buildings would be to give an overly technical meaning to the word "container" which conflicts with common sense. Whereas some controlled substances such as cocaine and LSD (which were at issue in *8120 Ravine Road*) can be easily secreted in small portable containers like a box, crate, can or jar, other controlled substances such as marijuana require larger containers for storage.

The prosecutor points out in his brief that case law across the country has accepted the concept that houses are "containers" for purposes of insurance claims. In *Berlin v Kilpatrick,* 15 Ohio Op 2d 73, 77; 172 NE2d 339 (1958), the Ohio Court of Common Pleas, relying on Webster's Dictionary, stated that the word "contained" means "to hold within fixed limits; to enclose; to hold as contained within four walls."

Logic and common sense compels this Court to rule that the question whether or not a particular dwelling house is a "container" within the provisions of subsection (c) of the controlled substances act is a question of fact for the trial court to determine.

In the present case, the record demonstrates

that the Werlingers were in possession of approximately seven pounds of marijuana at the time of their arrest. Raymond Werlinger testified at trial that the marijuana in the photos obtained by the police was his. He also testified that the marijuana seized from his house on December 2, 1986, had been "stockpiled" by him and that he had paid $3,000 for it. Additionally, Werlinger responded to the trial court's inquiry as follows:

> *Q.* Mr. Werlinger, did you conduct all of your business out of the home?
> *A.* I tried to as much as I could, Sir.

The Werlingers' counsel stipulated at trial that six pounds of marijuana was found in a safe in the basement of the house, a large baggie of marijuana was found in the living room, and additional marijuana was found in two bedrooms of the house.

Based on the record presented on appeal, this Court finds that the trial court was correct in finding that the house was a container for purposes of subsection (c) in the present case.

The second issue which the Werlingers raise is whether or not the house was forfeitable as "a thing of value used to facilitate the distribution and sale of controlled substances under subsection (f) of the act."

MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) provides the following:

> (1) The following property is subject to forfeiture:
>
> * * *
>
> (f) *Any thing of value* that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange

for a controlled substance or an imitation controlled substance in violation of this article, or *used or intended to be used to facilitate any violation of the article including but not limited to money, negotiable instruments, or securities.* To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.

The Werlingers also direct the Court's attention to *2850 Ewing Road, supra,* in which this Court construed subsection (f) of the forfeiture statute. That case involved a complaint of forfeiture brought by the Muskegon County Prosecutor. The prosecutor's complaint in *Ewing,* like the prosecutor's complaint in this case, alleged that the marital home was used to facilitate the distribution and sale of controlled substances and was used as a container for such controlled substances. The homeowners in *2850 Ewing Road,* like the Werlingers in this case, were charged with possession of marijuana with intent to deliver. The Court's opinion in *Ewing* stated:

We conclude real property is subject to forfeiture if it is furnished in exchange for a controlled substance or if real property is traceable to an exchange for a controlled substance. However, given the precept that the law does not favor forfeiture and that statutes providing for forfeitures are to be strictly construed, we hold that the Legislature did not express an intent in subsection (f) that real property which is merely the situs of a

violation of the controlled substances act be subject to forfeiture. [161 Mich App 273.]

In the *Ewing* case, another panel of this Court employed the rules of statutory construction stated in *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70, 74; 372 NW2d 685 (1985):

> Briefly stated the rules are: (1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.

In *Ewing,* the Court concluded that because the statute did not expressly identify real property as "any thing of value" used to facilitate violation of the controlled substances act the statute was ambiguous in that regard. The Court went on to give effect to what they determined to be the intent of the Legislature:

> We believe that had the Legislature not desired to limit the type of property subject to forfeiture, it would have inserted no limiting words whatsoever. Instead, the Legislature would have simply placed a period after the word article. If it had done so, any thing that was used to facilitate a drug transaction could have been seized. Instead, the Legislature chose to add an illustrative list. That list includes money, negotiable instruments, and securities. Clearly, the Legislature did not intend to specifically limit the type of property to

those specific items. On the other hand, the items in the illustrative list are all items of property radically different in kind from real property. Nothing in this statute indicates a legislative intent that the situs of a drug transaction is subject to forfeiture merely because it is the situs. Had the Legislature intended a house to be subject to forfeiture if an illegal drug transaction occurs within the house, it could have clearly stated so. [161 Mich App 272.]

We agree with the *Ewing* Court that a house is not forfeitable merely because it was the situs of a drug transaction. However, we find that the trial court was correct in determining that the Werlingers' residence was used to facilitate transactions in controlled substances. We do not agree that real property is so radically different in kind from the other types of property listed in subsection (f) that the Legislature did not intend for it to be forfeitable. Strict construction of the language "any thing of value . . . including but not limited to money, negotiable instruments, or securities" leads us to conclude that the Legislature did intend that other types of property not listed could be forfeited. Although the law does not favor forfeiture, this Court finds that strict construction does not prevent the prosecutor from bringing forfeiture proceedings against real estate used to facilitate violations of the controlled substances act.

At trial, the prosecutor called the police officer who had made the undercover purchases from Mr. Werlinger. The officer testified that he saw "various types of marijuana around the living room." The officer also testified that Mr. Werlinger wanted to buy an eighty-five-pound bale which was causing "certain problems with the banking because he would have to sell the current stock of his house . . . then he would have to put the

money in the bank, and then a couple of days later take the money back out of the bank and go and buy more marijuana for sale." Mr. Werlinger told the officer that he made his living selling pot and that "we, I got this house selling pot."

We conclude that the trial court did not commit error requiring reversal in granting forfeiture of the dwelling house at 45649 Maben Road pursuant to subsection (f) of the controlled substances act.

This Court takes notice of the federal forfeiture statute, 21 USC 881, which closely parallels the Michigan statute. In addition to the "container" provision and the "facilitate" provision, the federal statute provides for forfeiture of

> (7) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

While this Court finds that the Michigan Legislature did intend to include other types of property, including real property, as forfeitable under subsection (f), that intention could be more clearly expressed if the language from the federal statute were incorporated into MCL 333.7521; MSA 14.15(7521).

This Court has reviewed the Werlingers' remaining claim and finds it to be without merit.

Affirmed.