*In re* FORFEITURE OF 30800 GRANDVIEW

Docket No. 103571. Submitted May 1, 1989, at Detroit. Decided July 17, 1989.

After the police found cocaine, marijuana, and an elaborate setup for cultivating marijuana in a house located at 30800 Grandview in Westland, Michigan, the Wayne County Prosecutor filed a petition in the Wayne Circuit Court seeking forfeiture of the house and the property contained therein. The owners of the house, Douglas and Eva Hagedon, moved for summary disposition arguing that the real property was not forfeitable. The trial court, Michael J. Talbot, J., agreed, granted the motion and dismissed the petition. The prosecutor appealed.

The Court of Appeals *held:*

1. A house may be forfeitable pursuant to MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) as a thing of value used or intended to be used to facilitate a violation of the controlled substances act where the prosecutor establishes a substantial connection between the realty and the underlying criminal violation. The dismissal is reversed and the case remanded to give the prosecutor the opportunity to establish such a connection.

2. The trial court properly concluded that a house is not forfeitable pursuant to MCL 333.7521(1)(c); MSA 14.15(7521)(1)(c) as a container of controlled substances or materials used for manufacturing controlled substances.

Affirmed in part, reversed in part and remanded.

GILLIS, P.J., concurred with the determination that a house may be forfeitable as a thing of value used or intended to be used to facilitate a violation of the controlled substances act but would also hold that a house may be forfeitable as a container of controlled substances or materials used for manufacturing controlled substances.

1. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT — REAL PROPERTY.

Real property used to facilitate a violation of the controlled

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 15 *et seq.*

See the Index to Annotations under Drugs and Narcotics; Fines, Penalties, and Forfeitures.

substances act is subject to forfeiture as a thing of value used or intended to be used to facilitate a violation of the act where the prosecutor establishes a substantial connection between the realty and the underlying criminal violation (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT — REAL PROPERTY.

Houses, buildings, or other real property are not subject to forfeiture as a "container" of controlled substances or materials used for manufacturing controlled substances (MCL 333.7521[1][c]; MSA 14.15[7521][1][c]).

3. FORFEITURES AND PENALTIES — JUDICIAL CONSTRUCTION.

Forfeitures are not favored at law; statutes providing for forfeitures are to be strictly construed and the case must be brought clearly within the terms of the statute before forfeiture is allowed.

*John D. O'Hair,* Prosecuting Attorney, *Andrea L. Solak,* Chief, Special Operations, *John L. Thompson,* Deputy Chief, Special Operations, and *A. George Best, II,* and *William J. Sauget,* Assistant Prosecuting Attorneys, for petitioner.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

MICHAEL J. KELLY, J. The prosecutor appeals from the trial court's dismissal of a petition for forfeiture of real and personal property pursuant to MCL 333.7521(1); MSA 14.15(7521)(1). We now reverse that dismissal.

In March of 1987, police found around one-half gram of cocaine and slightly less than two pounds of marijuana in a house located at 30800 Grandview in Westland, Michigan. Police also found an elaborate setup for cultivating marijuana in the house, including a large growing area, materials,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

instructions, and records, although it appears that cultivation had not yet commenced. On the basis of this discovery, the Wayne County Prosecutor filed a petition for forfeiture of the house and the property contained therein. Respondents, Douglas and Eva Hagedon, owners of the house in question, moved for summary disposition for failure to state a claim upon which relief could be granted, arguing that real property was not forfeitable under § 7521(1)(c) or (f). The trial court agreed with respondents' analysis and granted the motion, citing *People v 2850 Ewing Road,* 161 Mich App 266; 409 NW2d 800 (1987), lv den 429 Mich 884 (1987).

I

The first issue we address is the prosecutor's argument that a house may be forfeitable pursuant to § 7521(1)(f) as a "thing of value . . . used or intended to be used to facilitate any violation of" the controlled substances act. The prosecutor argues that the trial court used an erroneous interpretation of § 7521(1)(f) to conclude that it did not apply to real property. The prosecutor has been prescient in this regard. We must reverse the trial court's dismissal of the prosecutor's petition.

Until recently there had been a conflict of opinion in this Court regarding whether real property could be subject to forfeiture pursuant to § 7521(1)(f) as a "thing of value used or intended to be used to facilitate a violation."[1] This conflict has been resolved by our Supreme Court in *In re Forfeiture of $5,264,* 432 Mich 242; 439 NW2d 246 (1989). There the Court found that real property used to facilitate a violation of the controlled

---

[1] See *People v 2850 Ewing Road,* 161 Mich App 266; 409 NW2d 800 (1987), lv den 429 Mich 884 (1987), and *In re Forfeiture of 719 N Main,* 175 Mich App 107; 437 NW2d 332 (1989).

substances act may be forfeited under § 7521(1)(f) where the prosecutor establishes a substantial connection between the realty and the underlying criminal violation. Thus, respondents' house is potentially forfeitable under § 7521(1)(f), and the prosecutor's forfeiture petition did not fail to state a claim. We therefore reverse the trial court's dismissal and remand to give the prosecutor the opportunity to prove that respondents' house is forfeitable pursuant to § 7521(1)(f).

II

The prosecutor also argues that respondents' house was forfeitable pursuant to § 7521(1)(c) as a "container" of controlled substances or materials used for manufacturing controlled substances. We disagree.

There is currently a conflict of opinion in this Court regarding the interpretation of § 7521(1)(c). At least one panel of this Court has held that whether a house is a "container" under subsection (c) is a question of fact for the court presiding over the forfeiture proceeding. *In re Forfeiture of 45649 Maben Road,* 173 Mich App 764, 768-769; 434 NW2d 238 (1988). However, other panels have held as a matter of law that the term "container," as used in subsection (c), does not encompass houses, buildings, or other real property. *2850 Ewing Road, supra,* p 269; *People v 8120 Ravine Road, Alamo Twp,* 151 Mich App 358, 360-362; 390 NW2d 242 (1986). We find the latter interpretation persuasive. Forfeitures are not favored at law. *8120 Ravine Road, supra,* p 362. Therefore, statutes providing for forfeitures are to be strictly construed, and the case must be brought clearly within the terms of the statute before forfeiture is allowed. *Id.* Since the word "container," as nor-

mally interpreted, would not indicate buildings or real property, a house should not be considered a container under subsection (c). *Id.* The trial court did not commit an error of law by concluding that respondents' house was not forfeitable as a container under § 7521(1)(c).

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

R. B. Burns, J., concurred.

Gillis, P.J. *(concurring in part and dissenting in part).* I agree that this case must be reversed in light of our Supreme Court's interpretation of MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) in *In re Forfeiture of $5,264,* 432 Mich 242; 439 NW2d 246 (1989). However, given the rationale in that opinion, I also believe that a house may be forfeited pursuant to MCL 333.7521(1)(c); MSA 14.15(7521)(1)(c) as a container. See *In re Forfeiture of 45649 Maben Road,* 173 Mich App 764, 766-769; 434 NW2d 238 (1988). See also *In re Forfeiture of 719 N Main,* 175 Mich App 107, 115, 117; 437 NW2d 332 (1989), and *Smith v Mount,* 45 Wash App 623; 726 P2d 474 (1986). But see *People v 2850 Ewing Road,* 161 Mich App 266; 409 NW2d 800 (1987), lv den 429 Mich 884 (1987); *People v 8120 Ravine Road, Alamo Twp,* 151 Mich App 358; 390 NW2d 242 (1986). Hence, I would totally reverse the circuit court's order granting respondents' motion for summary disposition pursuant to MCR 2.116(C)(8).