*In re* FORFEITURE OF 19203 ALBANY

Docket No. 146017. Submitted November 2, 1994, at Detroit. Decided April 28, 1995, at 9:35 A.M.

The Wayne County Prosecuting Attorney brought an action in the Wayne Circuit Court, seeking forfeiture under the controlled substances act of, among other things, a residence at 19203 Albany, Detroit. Floyd K. Jones claimed the property and contested the action. Following a bench trial, the court, Richard C. Kaufman, J., entered a judgment of forfeiture, determining in part that the house was subject to forfeiture as a container of drugs sold in violation of the controlled substances act. MCL 333.7521(1)(c); MSA 14.15(7521)(1)(c). Jones appealed.

The Court of Appeals *held:* ·

1. Real property that is used, or intended for use, as a container for illegal narcotics or for materials, products, or equipment used, or intended for use, in manufacturing or distributing illegal narcotics is subject to forfeiture under § 7521(1)(c) upon proof by a preponderance of the evidence that the property has a substantial nexus to illegal drug activity.

2. The trial court did not clearly err in finding that a substantial nexus existed between the property at issue and Jones' illegal sale of narcotics such that the property was being used as a container for illegal narcotics.

3. The prosecutor's filing of a notice of lis pendens against the property before the action for forfeiture established sufficient control over the property by the law enforcement agency that seized it. Such control over the property vested the trial court with jurisdiction to enter an order of forfeiture.

Affirmed.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — CONTAINERS — RESIDENCES.

A residence is subject to forfeiture under the controlled sub-

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.25-27.27.

Forfeiture of homestead based on criminal activity conducted on premises—state cases. 16 ALR5th 855.

stances act as a container used, or intended for use, for illegal narcotics or for materials, products, or equipment used, or intended for use, in manufacturing or distributing illegal narcotics where there is a substantial nexus between the residence and illegal drug activity (MCL 333.7521[1][c]; MSA 14.15[7521] [1][c]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *John P. Puleo,* Assistant Prosecuting Attorney, for the people.

*Craig R. Freeman,* for Floyd K. Jones.

Before: TAYLOR, P.J., and HOLBROOK, JR., and M. E. DODGE,* JJ.

PER CURIAM. Claimant, Floyd K. Jones, appeals as of right from a judgment, entered following a bench trial, that directed the forfeiture of claimant's real property located at 19203 Albany, Detroit, Michigan, as a "container" for illegal drugs pursuant to MCL 333.7521(1)(c); MSA 14.15(7521) (1)(c). We affirm.

I

On June 14, 1991, a police officer on surveillance observed claimant leave 19203 Albany and walk to the corner, where he engaged in a transaction with a confidential informant. The informant, who had been searched beforehand, received fifteen grams of cocaine. Claimant returned to 19203 Albany and, several minutes later, left and drove to a house on Dequindre. On June 17, 1991, another surveillance officer observed claimant leave

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

19203 Albany, engage in a similar transaction at the corner, then return to 19203 Albany, after which he left and proceeded to the house on Dequindre.

On June 18, 1991, police officers executed a search warrant at 19203 Albany and confiscated a sandwich bag containing seven grams of cocaine powder from the floor joists in the basement, a shopping bag containing approximately one pound of marijuana from an upstairs bedroom, a .32 caliber blue-steel revolver, and paraphernalia commonly used in the narcotics trade, including ziplock baggies, a triple-beam scale, a pager, and a beeper-type transmitter. Officers also seized various utility bills from the house addressed to claimant at that address. Incident to claimant's arrest, officers seized jewelry and $655 in currency from claimant. At booking, claimant identified the house on Dequindre as his residence. At trial, the prosecutor produced a recorded warranty deed for the Albany residence, titled in claimant's name. Claimant then admitted sole ownership of the Albany residence.

In the complaint for forfeiture, the prosecutor sought forfeiture of the real property and residence at 19203 Albany as a "thing of value . . . used or intended to be used to facilitate any violation of" the controlled substances act, MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), or as a "container" of controlled substances, MCL 333.7521(1) (c); MSA 14.15(7521)(1)(c). In its ruling from the bench, the trial court held that the prosecutor had proved by a preponderance of the evidence that 19203 Albany had been used as "a container for illegal drugs that were to be sold and that were sold." The court ordered the forfeiture of the property on that basis and did not address the prosecutor's alternative facilitation theory.

II

We are asked in this case to resolve a conflict among previous panels of this Court regarding the question whether real property may be forfeited as a "container" under MCL 333.7521(1)(c); MSA 14.15(7521)(1)(c).[1] We hold that it may.

A

MCL 333.7521(1)(c); MSA 14.15(7521)(1)(c) provides for forfeiture of "[p]roperty which is used, or intended for use, as a container" for illegal narcotics or for materials, products, or equipment used, or intended for use, in manufacturing or distributing illegal narcotics. In *People v 8120 Ravine Rd, Alamo Twp,* 151 Mich App 358, 362; 390 NW2d 242 (1986), a panel of this Court held as a matter of law that a house was not a "container" for purposes of § 7521(1)(c). The panel reasoned that the term "container" does not include "something fastened to the earth such as a house," but rather "embraces the concept of an object capable of holding another object, it is commonly understood to refer to a receptacle used to package or to ship articles and goods." *Id.* Accord *People v 2850 Ewing Rd,* 161 Mich App 266, 269; 409 NW2d 800 (1987); *In re Forfeiture of 30800 Grandview,* 178 Mich App 434, 437-438; 444 NW2d 547 (1989).

Rejecting the reasoning and conclusion of *8120 Ravine Rd,* another panel of this Court in *In re Forfeiture of 45649 Maben Rd,* 173 Mich App 764, 768; 434 NW2d 238 (1988), held:

[1] While previous panels of this Court have disagreed with regard to this issue, none of those decisions was binding under Administrative Order No. 1990-6 (or its successors).

This Court can envision cases where a dwelling house or appurtenant structure may serve a primary purpose of warehousing drugs. To construe subsection (c) so as not to include buildings would be to give an overly technical meaning to the word "container" which conflicts with common sense. Whereas some controlled substances such as cocaine and LSD (which were at issue in *8120 Ravine Road*) can be easily secreted in small portable containers like a box, crate, can or jar, other controlled substances such as marijuana require larger containers for storage.

\* \* \*

Logic and common sense compels this Court to rule that the question whether or not a particular dwelling house is a "container" within the provisions of subsection (c) of the controlled substances act is a question of fact for the trial court to determine.

See also *In re Forfeiture of 719 N Main,* 175 Mich App 107, 115-118; 437 NW2d 332 (1989) (dicta).

Instructive to our analysis is *In re Forfeiture of $5,264,* 432 Mich 242; 439 NW2d 246 (1989), where our Supreme Court held that real property is subject to forfeiture under § 7521(1)(f), i.e., "[a]ny thing of value . . . that is used or intended to be used to facilitate any violation" of the controlled substances act. *Id.* at 248-250. The Court observed that this conclusion was consistent with legislative intent, given that the language of §§ 7523(3)[2] and

---

[2] MCL 333.7523(3); MSA 14.15(7523)(3) provides:

Title to real property forfeited under this article . . . shall be determined by a court of competent jurisdiction. A forfeiture of real property encumbered by a bona fide security interest is subject to the interest of the secured party who neither had knowledge of nor consented to the act or omission.

7524(2)[3] revealed that the Legislature undoubtedly contemplated the forfeiture of real property. *Id.* at 250-251. The Court held that, while forfeitures are not favored in the law, the Public Health Code expressly mandates that its provisions be liberally construed in order to promote the health, safety, and welfare of Michigan citizens. *Id.* at 258-259; MCL 333.1111(2); MSA 14.15(1111)(2).

In resolving the conflict of authority, we adopt and endorse as our own the reasoning and conclusion drawn in *In re Forfeiture of 45649 Maben Rd, supra.* Reasonably construed, we believe that the Legislature intended the focus of § 7521(1)(c) to be on the manner in which the subject "property" is used, not on its character. Consonant with this reasoning, we adopt the "substantial nexus" test that has been applied to forfeitures brought under § 7521(1)(f). The substantial nexus test precludes forfeiture of property that has only an incidental or fortuitous connection to the underlying unlawful activity. *In re Forfeiture of $5,264, supra* at 260-262. Accordingly, upon proof by a preponderance of the evidence that real property subject to forfeiture has a substantial nexus to illegal drug activity, such that the property constitutes a "container" under § 7521(1)(c) of the controlled substances act, a court may order a forfeiture of that real property.

B

In determining whether forfeiture was proper in this case, we review the findings of fact of the trial

[3] MCL 333.7524(2); MSA 14.15(7524)(2) provides, in part:

In the course of selling real property pursuant to subsection (1)(b), the court that has entered an order of forfeiture may, on motion of the agency to whom the property has been forfeited, appoint a receiver to dispose of the real property forfeited.

court sitting without a jury under the clearly erroneous standard. *In re Forfeiture of $5,264, supra* at 260. A finding is clearly erroneous when although there is evidence to support it the reviewing court is left with the definite and firm conviction that a mistake was made. *Id.*

Here, the evidence indicated that the property at 19203 Albany was being used exclusively for trafficking in illegal narcotics. Claimant, sole owner of the property, was observed conducting illegal narcotics sales from the property, yet apparently living at another house on Dequindre. A search warrant executed at 19203 Albany yielded illegal drugs and drug-related items throughout the house, including approximately one pound of marijuana, seven grams of cocaine, and assorted drug paraphernalia. Accordingly, we find that the trial court did not clearly err in determining that a substantial nexus existed between 19203 Albany and the alleged criminal activity such that the property was being used as a container for illegal narcotics.

III

Claimant asserts that the trial court lacked jurisdiction to enter an order of forfeiture because the seizing law enforcement agency did not have the requisite possession or control over the property at 19203 Albany. We disagree.

Forfeiture proceedings are in rem proceedings. *In re Forfeiture of $28,088,* 172 Mich App 200, 203; 431 NW2d 437 (1988). A forfeiture proceeding brought under the controlled substances act requires the seizing agency to be in possession or control of the res in order to vest the court with jurisdiction to enter an order of forfeiture. *In re Forfeiture of 301 Cass St,* 194 Mich App 381, 387;

487 NW2d 795 (1992). Possession or control of real property may be accomplished by placing the property under seal, MCL 333.7523(2)(a); MSA 14.15(7523)(2)(a), or by any other reasonable method of exercising possession or control. *Id.* Here, the prosecutor had filed a notice of lis pendens against 19203 Albany before filing the forfeiture complaint in the circuit court; therefore, we find that the state exercised control over the property sufficient to vest jurisdiction of the complaint in the circuit court. See *United States v James Daniel Good Real Property,* 510 US —; 114 S Ct 492; 126 L Ed 2d 490, 506 (1993).

Affirmed.