UNITED STATES of America

v.

**CERTAIN REAL PROPERTY SITUATED AT ROUTE 3, BOX 247E, MOUNTAIN HOME, AR.; A 24′4″ Searay Cabin Cruiser, Hull Number Serm 55087412, Michigan State Registration No. 1980–MC0229JW; a 1977 Cadillac, Maroon in Color, Michigan License VGP740 VIN 6569R7Q488066; a 1972 Chevrolet Pickup Truck VIN CCE 142S104281; $71,-499.41 U.S. Coin and Currency and Miscellaneous Household and Personal Property.**

Civ. No. 81–3020.

United States District Court,
W.D. Arkansas,
Harrison Division.

July 25, 1983.

---

W. Asa Hutchinson, U.S. Atty., Steven N. Snyder, Asst. U.S. Atty., Fort Smith, Ark., for the United States.

## MEMORANDUM OPINION

HENLEY, Senior Circuit Judge, Sitting by Designation.

The Government seeks to forfeit certain property, both real and personal, pursuant to 21 U.S.C. § 881 on the basis of the property's connection to the drug dealing activities of Joe T. Thompson. The case was tried without a jury on March 24, 1983. Although encouraged to obtain counsel, Thompson, who was in prison on that date, chose not to be represented. Nor did anyone else appear in person or by attorney at trial to assert an interest in the property. As will appear, the court has concluded that judgment should be entered for plaintiff, granting forfeiture of all subject property.

The uncontroverted evidence presented at trial by the Government indicates that Thompson dealt in large quantities of cocaine in the Detroit area between April, 1979 and June, 1980. In April, 1980 Thompson purchased ten acres in Mountain Home, Arkansas for $22,000.00. He paid the full purchase price in cash, and built a substantial log home on the property for which he also paid cash.

Thompson was arrested on May 18, 1981 at his home in Mountain Home. Subsequently he pleaded guilty to the charge of distribution of cocaine and was sentenced to six years. At the time of his arrest and during an inventory search the following day, law enforcement officers seized numerous items of property including the real estate, approximately $71,500.00 in cash, two vehicles, a cabin cruiser, jewelry, furniture, other miscellaneous personal property, and a quantity of drugs, all of which the Government now seeks to forfeit.

21 U.S.C. § 881 provides in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

\* \* \* \* \* \*

(4) All conveyances . . . which are used . . . to facilitate the transportation, sale, . . . possession or concealment of property described in paragraph (1). . . .

\* \* \* \* \* \*

(6) All moneys . . . or other things of value furnished . . . in exchange for a controlled substance . . ., [and] all proceeds traceable to such an exchange. . . .

The illegal drugs found in Thompson's house are per se contraband forfeitable under section 881(a)(1). In addition, one of the vehicles, a 1977 Cadillac, is forfeitable under subsection (a)(4) based on evidence that the car was used by Thompson to transport illegal drugs and that at least one drug transaction took place inside the car.[1] *See United States v. 1964 Beechcraft Baron Aircraft, TC–740, FAA Reg., No. N444CP, Actual No. N914C,* 691 F.2d 725 (5th Cir.1982).

---

1. The court notes that on July 6, 1981 Sharon L. Ross acting pro se filed an answer with supporting affidavit, claiming an ownership interest in the Cadillac. However, Ross failed to offer any evidence and to pursue at trial any claim she might have had. The evidence shows that the car was used by Thompson in connection with drug transactions and it was in his possession at the time of his arrest.

■ The remainder of the property is forfeitable, if at all, under section 881(a)(6).[2] Under this section, the Government is required to show probable cause to believe that the property is substantially connected with the illegal activities. *United States v. Three Hundred Sixty-Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in United States Currency,* 661 F.2d 319, 323 (5th Cir.1981). This burden, although heavy, may be satisfied by circumstantial evidence. *Id.* at 324–25.

■ Here, the Government relies on evidence that Thompson had not been employed since 1976, and had no known source of income other than drug dealings in which he appears to have engaged extensively. His large cash purchases, his evasive or unsubstantiated answers to questions concerning ownership or acquisition of the property, and the presence of illegal drugs in the house lend full support to the inference that the property constitutes proceeds traceable to drug transactions. *See id.*

From the evidence as a whole, and giving due weight to the affidavits of Sharon L. Ross and James H. Ross, *see* notes 1 and 2, *supra,* the court concludes that the Government has met its burden of proof in all respects, and that all of the property is properly forfeitable under section 881.

In accordance with this memorandum, which includes the court's findings of fact and conclusions of law, judgment will be entered for the Government granting forfeiture.

---

**2.** With respect to the cabin cruiser, the court notes that on July 6, 1981 James H. Ross acting pro se filed an answer supported by affidavit claiming an ownership interest in the boat. Ross offered no evidence and failed to pursue at trial any claim he might have had. The Government offered evidence that the boat was registered in the name of Vern McCarty, and that McCarty, who was apparently one of Thompson's cocaine suppliers in Michigan, transferred the boat to Thompson to repay a $20,000.00 debt incurred by reason of an advance of $20,000.00 from Thompson. Evidence was also introduced showing that Thompson leased a stall for the boat at a marina near Mountain Home, Arkansas.