PEOPLE v UNITED STATES CURRENCY

Docket No. 85174. Submitted October 2, 1986, at Detroit. Decided November 14, 1986.

The Wayne County Prosecuting Attorney petitioned in the Wayne Circuit Court seeking the forfeiture of $4,082 and one 1979 Volvo automobile following a controlled substances seizure resulting from the execution of an arrest warrant. The respondent, Haralabos Manetas, challenged such forfeiture. The trial court, Richard D. Dunn, J., granted the petition for the forfeiture of the $4,082 and denied the petition insofar as it requested forfeiture of the automobile. Respondent appeals from the order of forfeiture entered by the trial court.

The Court of Appeals *held:*

1. The prosecutor need not show probable cause to connect respondent's money with illegal drug transactions before invoking the presumption contained in MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), that money found in close proximity to any property that is subject to forfeiture shall be presumed to be subject to forfeiture.

2. No substantial right of the respondent was affected when the trial court took judicial notice of the fact that a toilet located at the residence where the drugs were found took from ten to fifteen seconds to cycle.

Affirmed.

1. Appeal — Constitutional Law — Waiver.

A constitutional issue raised for the first time on appeal is deemed waived.

2. Appeal — Statement of Position.

A party's statement of position without supporting authority is

References

Am Jur 2d, Appeal and Error §§ 552, 876 *et seq.*

Am Jur 2d, Forfeitures and Penalties §§ 40-42.

Forfeiture of money to state or local authorities based on its association with or proximity to other contraband. 38 ALR4th 496.

See also the annotations in the Index to Annotations under Appeal and Error.

insufficient to preserve a claim for appeal; it is not up to the Court of Appeals to discover and then to rationalize the basis of a party's claims.

3. FORFEITURES AND PENALTIES — MONEY — PRESUMPTIONS — PROBABLE CAUSE.

A prosecutor need not show probable cause to connect a respondent's money with illegal drug transactions before invoking the presumption that money found in close proximity to any property that is subject to forfeiture shall be presumed to be subject to forfeiture (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

4. FORFEITURES AND PENALTIES — BURDEN OF PROOF.

Forfeiture proceedings in Michigan are in rem civil proceedings; the party asserting the claim has the burden of proving his claim by a preponderance of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.* (by *Seymour Floyd*), for defendant on appeal.

Before: BEASLEY, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Haralabos Manetas, respondent, appeals as of right from the circuit court's order granting the prosecutor's petition for forfeiture of $4,082. The circuit court denied the prosecutor's petition insofar as it requested forfeiture of a 1979 Volvo automobile. We affirm.

On February 5, 1985, the Wayne County Sheriff's Department obtained an arrest warrant for Aram Alkazoff, who lived at 5221 Tarnow in Detroit. While the warrant was being obtained, two officers watched the residence. They observed respondent drive up to the residence in his Volvo.

* Circuit judge, sitting on the Court of Appeals by assignment.

Respondent, who was carrying a paper bag and a small "zippered carry bag," entered the home. The police knew respondent had been involved in other drug transactions.

When the officer with the warrant arrived, the police went to the back door of the residence and knocked. The occupants of the home told the police to wait and that they would open the door. The officers observed people running past the door and down to the basement. They also heard the sound of a toilet flushing. The officers then attempted to break the door down, but it was barricaded by bars. Finally, the officers broke a hole through the door and one officer crawled inside the home.

At that time, the toilet was in its third cycle and respondent was standing in the kitchen, just two to three feet from the toilet. The officer retrieved a ripped plastic bag from the toilet. Later, it was determined that the bag contained cocaine.

At the forfeiture hearing, Melvin Turner, the officer who had crawled into the home, testified that respondent was the only one who could have flushed the bag of cocaine down the toilet. Although there were other people in the home, Turner stated that respondent, a woman in the northeast bedroom next to the bathroom, and the two men down in the basement were the only ones he could not see when he entered the home. The woman in the bedroom had the door closed. Turner, however, admitted that he did not witness respondent flushing the toilet.

Later, the police searched respondent and found $4,082 in his "carry bag." The police also seized a triple beam scale, handguns, and paper used for packaging drugs from the home.

MCL 333.7521(1); MSA 14.15(7521)(1) provides in part:

The following property is subject to forfeiture:

(a) A controlled substance or an imitation controlled substance which has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.

(b) A raw material, product, or equipment of any kind which is used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance in violation of this article; or a raw material, product, or equipment of any kind which is intended for use in manufacturing, compounding, processing, delivering, importing, or exporting an imitation controlled substance in violation of section 7341.

* * *

(f) Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be used to facilitate any violation of this article including but not limited to money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. *Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.*

At the forfeiture hearing, petitioner presented Turner's testimony. Respondent did not present any testimony. The trial court concluded respondent had failed to rebut the presumption contained in MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) and held the money was forfeited.

Respondent first argues the presumption contained in MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) is unconstitutionally vague and overbroad. Respondent failed to raise this issue below and he also failed to cite any authority in support of his position. A constitutional issue raised for the first time on appeal is waived. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33-34; 335 NW2d 710 (1983). Moreover, a statement of position without supporting authority is insufficient to preserve a claim for appeal because it is not up to this Court to discover and then to rationalize the basis of a party's claims. *Hull & Smith Horse Vans, Inc v Carras,* 144 Mich App 712, 720; 376 NW2d 392 (1985), lv den 424 Mich 894 (1986); *Kucken v Hygrade Food Products Corp,* 51 Mich App 471, 473; 215 NW2d 772 (1974). Hence, we find respondent's first argument is not preserved for appeal. *Id.*

Respondent also argues the petitioner must show probable cause to connect respondent's money with illegal drug transactions before the presumption contained in MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) is invoked. We disagree. Although the federal forfeiture statute requires probable cause to be shown for the institution of a forfeiture action, 21 USC 881(d) and 19 USC 1615, our state forfeiture statute contains no such requirement, MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f).

In this state, forfeiture proceedings are in rem civil proceedings. See *People v One 1973 Pontiac,* 84 Mich App 231, 235; 269 NW2d 537 (1978). Therefore, the party asserting the claim has the burden of proving his case by a preponderance of the evidence. See *Blue Cross & Blue Shield of Michigan v Governor,* 422 Mich 1, 89; 367 NW2d 1 (1985), reh den 422 Mich 1206 (1985), app dis 474

US —; 106 S Ct 40; 88 L Ed 2d 33 (1985). Petitioner in this case is aided by the statutory presumption which shifts the burden of going forward with the evidence onto respondent. MRE 301. We find no requirement of probable cause in this analysis. Respondent's second argument is without merit.

Finally, respondent argues the trial court erred when it took judicial notice of the fact that it took from ten to fifteen seconds for the toilet to cycle because this fact was not generally known within the court's jurisdiction and was not readily ascertainable by resort to sources whose accuracy could not be reasonably questioned. MRE 201(b). In its findings of fact, following closing argument, the trial court stated: "The Court can take judicial notice that a cycle is normally—What? Ten, 15 seconds?" We agree with petitioner that respondent in this case should have objected to the trial court's statement after it was made or in a motion for a new trial so that the trial court could have ruled on this issue in the first instance. MRE 201(d). Moreover, even if we assumed that respondent's objection was properly preserved and that the trial court erred in admitting the evidence, we find that no substantial right of the respondent was affected by the admission of this evidence. MRE 103(a)(1). In other words, without considering the flushing time of the toilet, the trial court still found that respondent was approximately 2½ feet from the cocaine and was, therefore, in close proximity to a controlled substance.

Affirmed.