## *In re* FORFEITURE OF 719 N MAIN

Docket No. 95345. Submitted June 23, 1987, at Grand Rapids. Decided February 22, 1989.

The Arenac County Prosecuting Attorney filed a petition in Arenac Circuit Court for the forfeiture of a residence located at 719 N. Main in Omer alleging that an undercover law enforcement officer had twice purchased cocaine from William Sharon at that residence. Sharon had a land contract vendee interest in the property. An order of forfeiture as to the property was entered on September 5, 1986, Carl L. Horn, J. Sharon appealed, arguing that the controlled substances provision of the Public Health Code under which the property was forfeited is unconstitutionally vague and that the evidence does not support a finding that the residence was used to facilitate a violation of the controlled substances statute.

The Court of Appeals *held:*

1. The statute at issue provides fair notice that property used to aid the violation of controlled substances laws is subject to forfeiture, is sufficiently structured so that the circuit court is not permitted unlimited discretion in forfeiture, and is not overbroad. Sharon's claim of unconstitutionality fails because there is no identifiable interest protected by the void-for-vagueness doctrine.

2. The circuit court's finding that forfeiture was appropriate because the property was a thing of value which had facilitated the violation of a controlled substances provision is not clearly erroneous. A dwelling which is regularly used to manufacture, store, and sell drugs should be subject to forfeiture as a container for drugs as well as a thing of value used to facilitate a violation of the controlled substances law. The evidence before the trial court provided an adequate evidentiary basis for the trial court's finding of fact that the house in question was used to facilitate the violations of the controlled substances act.

Affirmed.

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.24—27.26.
Supreme Court's views as to due process requirements of forfeitures. 76 L Ed 2d 852.

MAHER, J., concurred in the result but wrote separately to state that he does not believe that the holding in *People v 8120 Ravine Road, Alamo Twp,* 151 Mich App 358 (1986), is clearly at odds with the decision in this case because entirely different subsections of the forfeiture statute are at issue. He would excise the critical appraisal of *8120 Ravine Rd* from the opinion.

CONTROLLED SUBSTANCES — FORFEITURE — REAL PROPERTY — CONSTITUTIONAL LAW — VAGUENESS.

   A statute may be challenged for vagueness on three grounds: (1) that it does not provide fair notice of the conduct proscribed; (2) that it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) that its coverage is overbroad and impinges on First Amendment freedoms; the statute which provides that any thing of value that is used to facilitate any violation of the controlled substances provisions of the Public Health Code is subject to forfeiture is not unconstitutionally vague and may be used as the basis for forfeiture of a residential dwelling either as a container for drugs or as a thing of value used to facilitate a violation of the controlled substances law where the dwelling is regularly used to manufacture, store, and sell drugs (MCL 333.7521; MSA 14.15[7521]).

*O'Farrell, Basner, Smith & Popielarz* (by *Rod O'Farrell*), for defendant.

Before: WAHLS, P.J., and MAHER and T. K. BOYLE,* JJ.

PER CURIAM. William Sharon appeals as of right from an order directing the forfeiture of his real property at 719 N. Main, Omer, Michigan. We affirm.

A petition for forfeiture of the real property had been filed by the prosecuting attorney pursuant to MCL 333.7521; MSA 14.15(7521). The petition alleged that an undercover law enforcement officer had purchased cocaine from William Sharon at the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

residence located on the real property on two separate occasions and

> [t]hat said real property has been in close proximity to controlled substances and/or paraphernalia related to said controlled substances and/or was used or intended to be used to facilitate a violation of the controlled substance laws of this State and/or was used or intended to be used as a container to violate the controlled substance laws of this State.

The petition specified that William Sharon (Sharon) had been assigned a land contract vendee interest in the real property by Robert Sharon (who was deceased at the time the petition was filed) and Vivian Sharon, and that Robert and Vivian Sharon had purchased the property from Stanley and Julian Strelecki. The petition claimed that the land contract balance owed to the Streleckis was $604.59. Vivian Sharon, it was alleged, had an equitable interest in the property of $2,000.

At the hearing on the petition, David Gutierrez, a trooper with the Michigan State Police, testified that on December 11, 1984, he went to 719 N. Main, in Omer, Michigan, and purchased two grams of cocaine from Sharon for $250. Gutierrez further testified that he made a second purchase, of one-quarter ounce of cocaine for $700, from Sharon on February 6, 1985, at the residence. According to Gutierrez, on each occasion Sharon went to the rear of the house and returned with an oil can. Sharon unscrewed the top and took it off. The can was lined with plastic. The cocaine was inside in a plastic bag. Gutierrez also testified that Sharon stated, in his presence, that he sold dope for a living.

An order of forfeiture as to the real property located at 719 N. Main was entered on September

5, 1986. The court ordered that the property be forfeited to the Bay Arenac Narcotics Enforcement Team for disposal and that the forfeiture was effective against all legal and equitable owners except the Streleckis and Vivian Sharon.

Section 7521 of the Public Health Code, MCL 333.7521; MSA 14.15(7521), provides a penalty for the violation of Article 7 (the controlled substance article) of the code. It lists the property of the violator which is subject to forfeiture and the conditions which support a forfeiture.

Forfeiture of the real property owned by Sharon in the instant case was ordered pursuant to § 7521(1)(f), which provides that the following property is subject to forfeiture:

> (f) *Any thing of value that is* furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be *used to facilitate any violation of this article* including but not limited to money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence. [Emphasis added.]

719 N. Main was forfeited, therefore, as a thing of value which was used to facilitate a violation of Article 7.

Sharon asserts on appeal that § 7521(1)(f) is vague in violation of the federal and state due process clauses. US Const, Am XIV, § 1; Const 1963, art 1, § 17. Sharon failed to raise this constitutional issue below and, thus, the issue has been waived. *People v United States Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986). See also *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33-34; 335 NW2d 710 (1983). This issue was not preserved for appeal and that should be outcome determinative. However, even if the issue had been preserved, it has no merit.

A statute may be challenged for vagueness on three grounds: (1) that it does not provide fair notice of the conduct proscribed; (2) that it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) that its coverage is overbroad and impinges on First Amendment freedoms. *Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294; 33 L Ed 2d 222 (1972); *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980); *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

In testing the statute against a void for vagueness claim, the words of the statute should be given their ordinary meaning. *People v Anderson,* 119 Mich App 325, 330; 326 NW2d 499 (1982); *People v Jackson,* 140 Mich App 283, 287; 364 NW2d 310 (1985), lv den 423 Mich 859 (1985).

First, the contested portion of § 7521(1)(f), i.e., "[a]nything of value . . . used to facilitate any violation of this article," must give a person of ordinary intelligence notice of the conduct which will give rise to the imposition of the penalty. See *United States v Harriss,* 347 US 612; 74 S Ct 808; 98 L Ed 989 (1954), and *People v Dempster,* 396 Mich 700, 715; 242 NW2d 381 (1976). The reason-

ing behind this requirement is the idea that people are free to choose their own conduct; they may direct their own actions and, therefore, they should be given the opportunity to know what conduct will be penalized. *Grayned, supra.*

Certainly the ordinary meaning of "anything of value" would include real property. While real property is not expressly named in § 7521, the forfeiture of real property is clearly contemplated. See § 7523(3) of the code, MCL 333.7523(3); MSA 14.15(7523)(3), which provides:

> (3) Title to real property forfeited under this article shall be determined by a court of competent jurisdiction. A forfeiture of real property encumbered by a bona fide security interest is subject to the interest of the secured party who neither had knowledge of nor consented to the act or omission.

The term "violation of this article" in § 7521(1)(f) is also readily understandable and provides notice that a violation of a controlled substance provision would support forfeiture.

The critical portion of the contested phrase seems to be "used to facilitate any violation." The American Heritage Dictionary of the English Language (New College ed, 1976), p 469, defines "facilitate" as to "make easier." Notice is provided in the statute by the ordinary meaning of the word "facilitate." Notice is provided that property used to aid the violation of controlled substance laws is subject to forfeiture. There is no meritorious constitutional claim here on the notice ground.

Second, the contested phrase must provide standards for enforcing and administering the laws in order to ensure that enforcement is not arbitrary or discriminatory; basic policy decisions should not

be delegated to policemen, judges, and juries for resolution on an ad hoc and subjective basis. *Grayned, supra.* We believe that the provision in question was sufficiently structured so that the circuit court was not permitted unlimited discretion in forfeiture. The circuit court could only order forfeiture of property used to aid in the violation of controlled substance laws.

Third, the phrase may not be overbroad in that it prohibits constitutionally protected behavior as well as unprotected behavior; i.e., an overbroad statute is one which is likely to "chill" constitutionally protected behavior. *Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973). Overbreadth does not depend upon the particular facts at hand; a challenger does not have to show his innocence in order to attack a statute for overbreadth. *Woll, supra.* Traditionally, overbreadth is generally associated with behavior protected by the First Amendment. However, the overbreadth doctrine applies to any state abridgement of constitutionally protected fundamental rights. *Detroit v Sanchez,* 18 Mich App 399; 171 NW2d 452 (1969); *Shelton v Tucker,* 364 US 479; 81 S Ct 247; 5 L Ed 2d 231 (1960).

The phrase in question does not penalize constitutionally protected behavior; only violations of narcotics laws result in forfeiture under the statute. Thus, the phrase is not overbroad.

We conclude that, on the merits, Sharon's claim of unconstitutionality must fail because there is no identifiable interest protected by the void-for-vagueness doctrine which is implicated by the statute in this case or its application in this seizure.

A second issue raised on appeal is whether the evidence supports a finding that the residence (real property) was used to facilitate a violation. The

claim is that two sales of cocaine within a two-month period are factually insufficient to support a forfeiture. It is also claimed that there was no evidence that the residence was somehow modified to further the sale of narcotics.

Forfeiture proceedings are in rem civil proceedings. Therefore, the party asserting the claim has the burden of proving his case by a preponderance of the evidence. *People v United States Currency, supra,* p 130.

In the instant case, the trial court found that forfeiture was appropriate under § 7521(1)(f), that is, that the real property was a thing of value which had facilitated the violation of a controlled substance provision (sale of drugs).

Findings of fact made by a trial court will not be reversed on appeal unless they are clearly erroneous. MCR 2.613(C). A finding is clearly erroneous if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

Here, Gutierrez testified that on two separate occasions he purchased cocaine from Sharon at Sharon's residence on the real property in question. On one occasion, Gutierrez purchased two grams of cocaine for $250. On another occasion, he purchased a quarter ounce for $700. The residence located at 719 N. Main, as a location for the deliveries, thus facilitated or aided the deliveries. MCL 333.7401; MSA 14.15(7401) prohibits such unauthorized deliveries. Consequently, given the evidence presented, we cannot conclude that the circuit court's finding was clearly erroneous.

Our result here is clearly at odds with the only two cases from this Court dealing with the issue of

whether real property is subject to forfeiture under the law in question.[1]

First, in *People v 8120 Ravine Road, Alamo Twp,* 151 Mich App 358; 390 NW2d 242 (1986), the panel ruled, as a matter of law, that a house is not a container under § 7521(1)(c). That section provides that "[p]roperty which is used, or intended for use, as a container for property described in subdivision (a) or (b)" is subject to forfeiture. Subdivisions (a) and (b) cover controlled substances and raw materials, products, or equipment used in making, delivering, importing, or exporting controlled substances.

Clearly, it would seem that a house could be a container of drugs when it is used to contain drugs. The simple clear meaning of subdivision (c) is ascertainable; there is no ambiguity. To suggest that real property is not subject to forfeiture because it is not expressly named flies in the face of the clear language. Drug operations, particularly the manufacturing of the newer synthetics, require real property to achieve their purpose. Such real property would appear to be seizable under the plain meaning of subdivision (c) and § 7523(3), which alludes to forfeiture of real property. However, the Court held otherwise, in *8120 Ravine Road, supra,* and any criticism of its holding would be dicta since the instant trial court did not rely on the "container" analysis in its decision. Moreover, the panel in *8120 Ravine Road* expressly reserved the issue presented for our consideration,

---

[1] After the circulation, approval, and submission of the majority and concurring opinions, this Court in *In re Forfeiture of 45649 Maben Rd,* 173 Mich App 764; 434 NW2d 238 (1988), disagreed with both *People v 8120 Ravine Rd, Alamo Twp,* 151 Mich App 358; 390 NW2d 242 (1986), *infra,* on container analysis and *People v 2850 Ewing Rd,* 161 Mich App 266; 409 NW2d 800 (1987), *infra,* on facilitation analysis. *45649 Maben Rd* is further support for the position that a dwelling is subject to forfeiture under the law if it is used as either a container for drugs or to facilitate a drug transaction.

that is, whether real property is subject to forfeiture if it is used to facilitate drug sales under § 7521(1)(f). *Id.,* pp 362-363.

Secondly, in *People v 2850 Ewing Road,* 161 Mich App 266; 409 NW2d 800 (1987), the panel followed *8120 Ravine Road, supra,* and held that a dwelling house, as a matter of law, is not a container for purposes of forfeiture. The panel also held that a dwelling house is not subject to forfeiture as a thing of value used to facilitate a drug transaction or violation merely because it is the situs of the violation. In so doing and construing § 7521(1)(f), the panel ruled that the statute was ambiguous as to whether real property was to be subject to forfeiture, so it turned to legislative intent.

The short answer is that the statute is not ambiguous. Section 7523(3) contemplates forfeiture of real property under this very law. Clearly, the Legislature so intended because it provided for such forfeiture. Compare *2850 Ewing Road, supra,* with *United States v 8584 Old Brownsville Road,* 736 F2d 1129 (CA 6, 1984), wherein the federal statute using terms such as "all proceeds" and "other things of value" was ruled to unambiguously include real as well as personal property even though Congress did not, until 1984, amend the act to provide for forfeiture of real property "used . . . to facilitate" a violation of the controlled substances law. See 21 USC 881(a)(1) through (7).

The panel in *2850 Ewing Road* went on to analyze the language of § 7521(1)(f) set forth in this opinion by focusing on the absence of a comma and held that real property furnished in exchange for drugs or traceable to an exchange for drugs is subject to forfeiture, whereas real property used to facilitate a drug violation was not

subject to forfeiture because the words, "including but not limited to money, negotiable instruments, or securities," apply only to the last phrase in the section *and* constitute a limiting proviso for like items.

This analysis is both tortured and flawed. First, the law provides for forfeiture of real property in express terms. Second, the proviso uses the words, "including but not limited to . . . ." To construe words of express nonlimitation as a limiting proviso to exclude real property in the face of its express mention in a subsequent section, § 7523(3), is simply wrong.

There is little authority outside Michigan which is of assistance, but that which does exist supports forfeiture of real property under statutes with language similar to the language in Michigan's statute.

On real property as a container, see *People v Lot 23,* 735 P2d 184 (Colo, 1987) (tenant's leasehold forfeited because of storage of controlled substances); *Smith v Mount,* 45 Wash App 623; 726 P2d 474 (1986) (building used for growing marijuana forfeited as container).

On real property forfeited as proceeds, see *District Attorney of Queens County v McAuliffe,* 129 Misc 2d 416; 493 NYS2d 406 (1985), and *United States v Certain Real Property Situated at Route 3,* 568 F Supp 434 (WD Ark, 1983).

While it is not clear precisely why the panels in *2850 Ewing Road* and *8120 Ravine Road* construed the statute to exclude forfeiture of real property, one might surmise that potential abuse of forfeiture was feared.

If one possesses one marijuana cigarette in his dwelling house, is the house subject to forfeiture under the statute? On the other hand, had either panel been presented with the forfeiture of real

property used exclusively for the preparation, storage, and sale of "crack," the result might have been different.

The answer is in the nexus. The ownership of a home may be wholly unconnected with the personal use of an illegal substance. Where the dwelling's connection to the use is purely incidental, the nexus is lacking. However, where a dwelling is regularly used to manufacture, store, and sell drugs, the nexus is clear, and such dwelling should be subject to forfeiture as a container for drugs as well as a thing of value used to facilitate a violation of the controlled substances law.

This opinion should not be read as holding or suggesting that the burden on the government is to prove exclusive, dominant, or principal use. Clearly, if any one of these standards is met, the real property is subject to forfeiture.

The government's burden is to prove that real property was used to facilitate a violation of the drug laws. However, the government fails in its burden of proof if the evidence shows that the nexus between the drugs and the real property in question was negligible, de minimis, tangential, or incidental.

Facilitation is ultimately a question, then, of degree, which in turn is a question of fact not readily amenable to generalization. See *United States v One 1974 Cadillac,* 548 F2d 421 (CA 2, 1977); see also *United States v One 1974 Cadillac,* 575 F2d 344 (CA 2, 1978); *United States v One 1972 Chevrolet,* 625 F2d 1026 (CA 1, 1980).

The evidence before the trial court showing two sales of cocaine in the amounts of $250 and $700, respectively, provided an adequate evidentiary basis for the trial court's finding of fact that the house in question was used to facilitate the viola-

tions of the controlled substances act. We cannot say that such a finding is clearly erroneous.

The order of forfeiture is affirmed.

MAHER, J. *(concurring)*. I concur in the result reached in the lead opinion but write separately because I do not believe the holding in *People v 8120 Ravine Rd,* 151 Mich App 358; 390 NW2d 242 (1986), is "clearly at odds" with the decision herein since entirely different subsections of the forfeiture statute are at issue. In essence, the lead opinion gratuitously lambastes an apple when the fruit in question is an orange. The critical appraisal of *8120 Ravine Rd* (a view I do not join), being self-admitted dicta, is unnecessary to the disposition of this case and should have been excised from the opinion lest it be misinterpreted as having some precedential value.