*In re* FORFEITURE OF $111,144

Docket No. 120710. Submitted June 4, 1991, at Grand Rapids. Decided October 21, 1991, at 9:05 A.M.

The Kent County Prosecuting Attorney initiated forfeiture proceedings in the Kent Circuit Court, alleging that $111,144 and other items belonging to Douglas and Henry Nyhuis were lawfully seized incident to Douglas Nyhuis' arrest for a controlled substance violation and were used or intended to be used to facilitate a violation of the controlled substances act. Douglas Nyhuis filed an answer, contesting only the forfeiture of a bank account in the name of Aurora Investment Company and two checks drawn on the account totaling $5,105.96, which were found in proximity to the controlled substances. Nyhuis contended that the account belonged to a legitimate joint venture of himself and Serge Lisk and that some of the funds represented a loan from Nyhuis' parents for the joint venture. When Nyhuis refused to answer questions concerning his alleged prior involvement in the delivery of controlled substances and the use of profits from the sale of illegal drugs to fund Aurora Investment, citing his Fifth Amendment right against self-incrimination, the prosecutor moved for summary disposition, and the court, Roman J. Snow, J., granted forfeiture of the Aurora Investment account. A separate judgment of forfeiture concerning the other items was thereafter entered. Douglas Nyhuis appealed from the order regarding the forfeiture of the Aurora Investment account.

The Court of Appeals *held:*

1. Douglas Nyhuis' invocation of his Fifth Amendment right did not provide grounds for granting summary disposition, and the court precluded him from attempting to rebut the presumption that the Aurora Investment checks are subject to forfei-

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27, 27.24-27.26; Forfeitures and Penalties §§ 25, 43; Witnesses §§ 30 *et seq.*.

Forfeiture of money to State or local authorities based on its association with or proximity to other contraband. 38 ALR4th 496.

Supreme Court's views as to due process requirements of forfeitures. 76 L Ed 2d 852.

ture by granting summary disposition for the people without allowing him to present any evidence, other than his own testimony, to rebut the presumption. On remand, Nyhuis is to be allowed to present evidence apart from his own testimony to overcome the burden of rebutting the presumption of forfeiture. The court may also fashion any other remedy that protects his Fifth Amendment privilege and allows the forfeiture case to proceed.

2. No connection need be established between the checks and Nyhuis' illegal drug activity before the proximity presumption of MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) may be invoked.

3. The people are entitled to a presumption of forfeiture with regard to the funds represented by the checks found in proximity to the illegal drugs, but not with regard to any additional funds in the account; entitlement to those funds must be proven by a preponderance of the evidence.

Reversed and remanded.

1. FORFEITURES AND PENALTIES — MONEY — PRESUMPTIONS.

A claimant of money that is presumed to be subject to forfeiture because it was found in proximity to property subject to forfeiture and who asserts the Fifth Amendment privilege against self-incrimination should be allowed an opportunity to present evidence apart from personal testimony in an attempt to overcome the burden of rebutting the presumption of forfeiture (US Const, Am V; MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

2. FORFEITURES AND PENALTIES — MONEY — PRESUMPTIONS.

No nexus or substantial connection between a claimant's money and illegal drug transactions need be shown before the presumption that money found in proximity to any property that is subject to forfeiture also is subject to forfeiture may be invoked (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*James M. Catchick,* for Douglas Nyhuis.

Before: MICHAEL J. KELLY, P.J., and MURPHY and NEFF, JJ.

Neff, J. Claimant appeals as of right from an October 3, 1989, judgment of forfeiture. He specifically contests a September 6, 1989, order of the circuit court granting the prosecutor's petition for forfeiture of all of the funds contained in account number 07240092 in the name of Aurora Investment Company and located at Old Kent Bank and Trust Company, including checks numbered 125 and 126 drawn on that account in the amounts of $1,758.69 and $3,347.27. The October 3, 1989, judgment was entered pursuant to an agreement between the parties, but the judgment specifically excluded claimant's claim with regard to the Aurora account and the checks drawn thereon. We reverse the September 6, 1989, order and remand this case to the circuit court for further proceedings consistent with this opinion.

I

On June 23, 1989, the prosecutor instituted proceedings for forfeiture of certain property belonging to claimant Douglas Nyhuis and his father, Henry Nyhuis. The prosecutor alleged that the property was lawfully seized incident to claimant's lawful arrest. The prosecutor further alleged that claimant and his father were charged with or involved in an illegal drug transaction and that the property was used or intended to be used to facilitate a violation of the controlled substances act, MCL 333.7101 *et seq.*; MSA 14.15(7101) *et seq.*

On July 25, 1989, the circuit court entered an order to show cause ordering claimant and his father and any other person claiming a right to the property to appear at a hearing to be held on October 3, 1989, to show cause why the court should not enter an order of forfeiture regarding the property pursuant to MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.*

The prosecutor thereafter apparently brought an emergency ex parte motion to freeze the assets of the Aurora Investment Company account, although the motion is not contained in the circuit court record.

Claimant prepared an answer to the prosecutor's ex parte motion and provided a copy of the answer to the trial court and the prosecutor. No copy of this document is contained in the lower court record, but a copy is attached to the prosecutor's brief on appeal. In the answer, claimant requested the court to remove any restraints on the Aurora account and dissolve its ex parte restraining order.

Claimant alleged in the answer that the action to freeze the Aurora account was taken after he was arrested on May 23, 1989, for conspiracy to deliver marijuana. Claimant further alleged that, on November 23, 1988, he and Serge Lisk, operating and doing business as Aurora Investments, jointly purchased a certain piece of residential property to refurbish and sell at a profit. Claimant also alleged in the answer that he borrowed the money used to make the down payment and to make repairs on the property from his parents and that the parents, along with Lisk and claimant, painted, repaired, and improved the property. Claimant alleged that his parents, unaware of any income he might have had as a result of prior drug dealings, lent him the money for the project. He also alleged that Serge Lisk was never charged with any criminal activity and that the project was a legitimate enterprise unrelated to criminal or drug enterprises.

Claimant further alleged that, when the property was sold and various debts and expenses, including the down payment, were paid, the net profit amounted to approximately the amount of

the checks in claimant's possession at the time of his arrest.

The circuit court held a hearing on August 10, 1989, ostensibly for the purpose of ruling on the motion for an order to freeze the assets of the Aurora Investment Company account. At the hearing, the prosecutor called claimant to the stand and asked him whether he had engaged in the business of delivering marijuana during the period of January to September 17, 1987, when claimant was in jail on an escape charge. Counsel for claimant objected on the basis that the question was immaterial and irrelevant to the Aurora properties and monies that were subjects of the forfeiture action. The court overruled the objection, and the prosecutor again asked claimant whether he was involved in the delivery of marijuana, through other associates, while he was in jail. Counsel for claimant then instructed him to assert his Fifth Amendment right not to answer the question.

The prosecutor then requested the court to require claimant to testify, stating that it was the people's theory that, while claimant was in jail, his father was cooperating with him in the delivery of marijuana, that the father received money from one of claimant's associates, and that the money the father purportedly loaned claimant to start the Aurora business was in fact claimant's money that he had obtained from the delivery and sale of marijuana.

Claimant's attorney, who was also his attorney in the criminal cases, then stated that he would instruct his client to advise the court that he wished to assert his Fifth Amendment right to refuse to answer the question on the ground that it might tend to incriminate him. Claimant then advised the court that that was his position.

At that point, the prosecutor requested the court

to grant summary disposition in the people's favor on the basis of two federal cases, *Baker v United States,* 722 F2d 517 (CA 9, 1983), and *United States v Little Al,* 712 F2d 133 (CA 5, 1983), because the people would not be able to present their case without being able to ask questions about agreements claimant had with his father.

After a short recess, counsel for claimant advised the court that, so as not to subject himself to possible incrimination, claimant would not be testifying. Counsel then stated: "I have other witnesses available to testify to the transaction should the court allow it to go forward."

The prosecutor then renewed his motion for summary disposition of the case and stated, inter alia, that he wished to question claimant regarding the source of the monies used to establish the Aurora Investment Company. Counsel for claimant then stated:

> Your Honor, I don't believe that was the question. As far as to Aurora Investment, we'd be happy to answer questions. The question was whether or not he did deliver and commit a crime of delivery of marijuana at another time not related to the time of this investment.

The prosecutor then claimed that the question whether the claimant committed the crime of delivery of marijuana is, in the theory of the prosecution, related to the Aurora Investment Company. The court thereafter stated:

> Now, the statute provides in MSA 14.15(7521)(1) (f) that any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and

convincing evidence. And Mr. Nyhuis is entitled to introduce evidence to show that this money was from some other venture other than the sale and distribution of drugs.

However, the prosecutor is entitled to cross-examine him fully with respect to matters that may affect Mr. Nyhuis' testimony as to the checks being a source of other ventures other than the distribution of drugs. And Mr. Nyhuis refusing to testify in that regard, it's my opinion that the prosecutor is not given his opportunity to fully cross-examine him, and that the prosecutor is entitled to have Mr. Nyhuis' claim to these two checks dismissed.

Claimant now challenges the order granting forfeiture of the Aurora Investment Company account.

II

Claimant contends that invocation of the Fifth Amendment right against self-incrimination may not provide grounds for summary disposition in a forfeiture case, that the cases relied upon by the prosecution are distinguishable, and that funds in the Aurora account may not be subjected to a forfeiture action absent a showing of some nexus or substantial connection to an alleged illegal activity.

A

We first address whether claimant's invocation of the Fifth Amendment right against self-incrimination provided grounds for summary disposition in this forfeiture case. Under the circumstances presented here, we believe that it did not.

The Michigan forfeiture statute applicable in

this case, 1988 PA 139, MCL 333.7521; MSA 14.15(7521), provided in pertinent part:

> (1) The following property is subject to forfeiture:
>
> \*   \*   \*
>
> (f) Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be used to facilitate any violation of this article including but not limited to money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. *Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.* [Emphasis added.]

It is undisputed that the checks from the Aurora account were found in proximity to marijuana, which is subject to forfeiture under MCL 333.7521(1)(a); MSA 14.15(7521)(1)(a). Because the checks were found in proximity to the marijuana, the checks are presumed to be subject to forfeiture under the statute.[1] However, as provided by the statute, this presumption may be rebutted by clear and convincing evidence.

---

[1] Although claimant does not raise the issue whether checks are to be considered "money" under the statute, we find that checks do meet the definition of "money." *The Random House College Dictionary, Revised Edition,* defines money as "any article or substance used as a medium of exchange, measure of wealth, or means of payment, as checks, wampum, etc."

It is manifest that claimant did not meet his burden of rebutting the presumption that the Aurora checks are subject to forfeiture. It is also manifest, however, that the trial court effectively precluded claimant from attempting to rebut the presumption of forfeiture of the checks by granting summary disposition to the people without allowing claimant to present any evidence, other than his own testimony, to rebut the presumption. It is clear from the record that claimant had other witnesses available whose testimony may have helped him to rebut the presumption of forfeiture.

We agree with claimant that the cases relied on by the prosecutor in seeking a summary disposition of the forfeiture case, *Baker* and *Little Al,* are distinguishable from this case and are therefore unpersuasive. More on point here is *United States v US Currency,* 626 F2d 11 (CA 6, 1980). See also *United States v $250,000 in United States Currency,* 808 F2d 895, 901 (CA 1, 1987). In *US Currency,* the district court granted the claimants' motion to dismiss a forfeiture proceeding on the ground that the proceeding violated the Fifth Amendment privilege against self-incrimination. The government appealed, and the Sixth Circuit Court of Appeals reversed the dismissal of the forfeiture proceeding, finding that the conflict between the Fifth Amendment privilege and the forfeiture proceeding can be averted by fashioning some other alternative, short of dismissal, which can harmoniously accommodate both the government's and the claimants' interests. The court stated:

Clearly, appellees should not be compelled to choose between the exercise of their Fifth Amendment privilege and the substantial sums of money which are the subject of this forfeiture proceeding. On the other side of the coin, however, the govern-

ment should not be compelled to abandon the forfeiture action which Congress, by enacting the statute, obviously intended to create. Therefore, the courts must seek to accommodate both the constitutional right against self-incrimination as well as the legislative intent behind the forfeiture provision. [626 F2d 15.]

The *US Currency* court determined that dismissal of the forfeiture action was premature and remanded the case to the district court for exploration into the possible alternatives, if any, available to achieve a solution that would both protect the privilege and allow the forfeiture case to go forward. 626 F2d 16. The court mentioned potential alternatives the district court could consider on remand, such as allowing the claimants to prove their claims by other witnesses, granting immunity to the claimants, or staying forfeiture proceedings until the completion of any criminal prosecutions or until the relevant periods of limitation for the criminal offenses had expired. 626 F2d 16-17.

In this case, claimant sought to present evidence through other witnesses, but the trial court precluded him from doing so because of his assertion of the Fifth Amendment. On remand, claimant shall be allowed the opportunity to present evidence apart from his own testimony, which is protected by the Fifth Amendment, in his attempt to overcome the burden of rebutting the presumption of forfeiture. The court may also fashion any other remedy, not inconsistent with this opinion, that protects claimant's Fifth Amendment privilege and allows the forfeiture case to proceed.

B

Claimant also contends that the funds in the

Aurora account that are represented by checks numbered 125 and 126 may not be subjected to a forfeiture action absent a showing of some nexus or substantial connection to an alleged illegal activity. We disagree. No connection between the money and claimant's alleged illegal drug activity need be established before the proximity presumption of our state statute can be invoked. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f); *People v United States Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986).

C

While not raised by either party on appeal, we note for purposes of remand that the September 6, 1989, order grants the people's motion to forfeit not only money represented by checks numbered 125 and 126 of the Aurora account, but the entire amount of money in the account. While the people are entitled to a presumption of forfeiture of the money represented by checks numbered 125 and 126 because of their proximity to the marijuana seized upon claimant's arrest, the people are .not entitled to such a presumption regarding any additional money, over and above that represented by checks numbered 125 and 126, from the Aurora account. The people must prove entitlement to the additional money in the account, if any, by a preponderance of the evidence. 158 Mich App 130.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.